COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOHN NICHOLAS DELIA, JR.

MEMORANDUM OPINION[*]
v.   Record No. 0087-97-1          PER CURIAM
JUNE 10, 1997
VIRGINIA ELECTRIC & POWER COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(John H. Klein; Matthew H. Kraft; Rutter &
Montagna, on brief), for appellant.

(Ruth Nathanson; Midkiff & Hiner, on brief),
for appellee.


John N. Delia (claimant) contends that the Workers'
Compensation Commission (commission) erred in denying his claim
for temporary partial disability benefits to compensate him for
lost overtime hours incurred during the period from March 9, 1995
through October 9, 1995, when claimant was restricted to
light-duty work.  Upon reviewing the record and the briefs of the
parties, we conclude that this appeal is without merit.
Accordingly, we summarily affirm the commission's decision.  Rule
5A:27.

On appeal, we view the evidence in the light most favorable
to the prevailing party below.  See R.G. Moore Bldg. Corp. v.
Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence showed that since 1987, claimant
worked for employer as a lead lineman.  On February 23, 1995, he

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

sustained a compensable injury by accident to his left arm. Before the accident, claimant worked overtime hours. The majority of claimant's pre-February 23, 1995 overtime hours were for emergency call-outs. He also worked some overtime hours for extended work days and planned overtime.

After the February 23, 1995 accident, claimant's treating physician restricted him to light-duty work. On March 9, 1995, claimant returned to working for employer, but could not perform his pre-injury lead lineman job due to a lifting restriction.[1] Employer assigned claimant to inspect transformers and circuits. While on light-duty, claimant worked approximately 18.25 overtime hours due to extended work days and occasional fill-ins as an acting foreman. However, during this same period of time, employer did not offer any emergency call-out overtime hours to claimant. Employer's company policy prohibited offers of emergency call-out overtime hours to employees on light-duty. In addition, claimant testified that he could not have worked the emergency call-outs due to his medical restrictions. During the light-duty period, claimant's physician did not restrict the number of hours per day that claimant could work.

Claimant admitted that prior to the February 23, 1995 injury, he did not work overtime hours every week. He stated that he could accept or reject offers of overtime and he probably

_____
[1]During claimant's period of light-duty, his lifting restrictions varied, but were gradually increased until they returned to normal.

2

refused overtime fifty percent of the time. Claimant agreed that the amount of overtime available in any given period of time is speculative, depending upon the amount available, the amount offered, and the amount he accepts. He also admitted that the number of overtime hours he worked in any given year could be more or less than prior years.

Kathy Reibold, employer's staff assistant, who is responsible for maintaining records with respect to the employees' time worked, overtime worked, and emergency call-outs, testified that employees' names are placed on a list each year in order of seniority and the linemen are called in listed order for emergency call-outs. She stated that the amount of overtime that would be available in any given month or year could not be predicted as it depends on numerous factors that are subject to change. She agreed that employees on light-duty are not offered call-outs, and that, during claimant's period of light-duty, he was on a "no-call" status.

Employer's answers to interrogatories, which were admitted into evidence, showed the hours of overtime worked by claimant during the fifty-two week period prior to his February 23, 1995 injury by accident and the number of overtime hours refused by claimant during the same fifty-two week period.[2]

Code § 65.2-502 provides that compensation to be paid by an

---

[2]Claimant did not submit documentary evidence of any other pre-February 23, 1995 years to show the number of overtime hours he actually worked or the number of overtime hours he refused.

employer to an injured employee for partial work incapacity is "a weekly compensation equal to 66 2/3 percent of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter. . . ."

"The extent of earning capacity must be ascertained from the evidence, and such is not limited to any special class of proof. All legal facts and circumstances surrounding the claim should properly be considered and due weight given them by the Commission." Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 441, 339 S.E.2d 570, 573 (1986). However,

> [w]hile it is always the endeavor of the courts to construe the compensation statute liberally, in order to carry out its beneficent purpose, it must not be overlooked that liability cannot rest upon imagination, speculation, or conjecture, but must be based upon facts established by the evidence and so found by the Commission.

Crews v. Moseley Bros., 148 Va. 125, 128, 138 S.E. 494, 495 (1927). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In this case, no evidence, beyond the realm of conjecture, established the number of overtime hours claimant, absent his injury would have worked between March 9, 1995 and October 9, 1995. Based upon this lack of evidence and upon the testimony of claimant and Reibold, the commission, as fact finder, was entitled to conclude that any award of temporary partial

4

disability benefits to compensate claimant for overtime hours lost during this period of time would have been based upon pure speculation. Accordingly, we cannot find as a matter of law that claimant's evidence sustained his burden of proving entitlement to compensation for the loss of overtime which might have been available to him absent his industrial injury.

For these reasons, we affirm the commission's decision.

Affirmed.

5